## RUSSO, KEANE & TONER, LLP
ATTORNEYS AT LAW
33 WHITEHALL STREET
NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002
WWW.RKTLAW.COM

THOMAS F. KEANE
ALAN RUSSO *
STEPHEN B. TONER ‡*
FERN FLOMENHAFT ‡
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

*ALSO ADMITTED IN NEW JERSEY
‡ALSO ADMITTED IN CONNECTICUT
• ALSO ADMITTED IN MASSACHUSETTS
▫ALSO ADMITTED IN THE DISTRICT OF COLUMBIA

JOHN J. KOMAR
THERESA VILLANI
DENISE M. BUSH *
BRENDA R. HALL
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY *
CHARLENE C. KOW ▫
MARIE A. CASTRONUOVO
MARIE-FABIENNE F. DECASTRO
MATTHEW P. MAZZOLA
LEE-DAVID WEINER
TINA ALTINEL-PROFITA
JOHN A. CORRING

January 22, 2009

*Filed VIA ECF*

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court for the Eastern District of New York
100 Federal Plaza, P.O. Box 9014
Central Islip, New York 11722-9014

Re:   Yasinoski v. CIGNA Corporation et al
      Civil Action Number: CV 07 2573
      RKT File Number: 820-257

Dear Judge Tomlinson:

    I represent the defendants Connecticut General Life Insurance Company ("CGLIC") and the Transport Worker Union of America, AFL-CIO, Employees of American Airlines in this action and I respectfully submit this letter in response to plaintiff's letter motion to compel CGLIC to provide copies of its "internal written policies, procedures and guidelines, relating to its . . . claims evaluation" and to submit one of its Appeals Case Managers for a deposition.
    The plaintiff, Dennis Yasinoski, ("Yasinoski") was a member of the Transport Worker Union of America, AFL-CIO, and thus was covered under its Long-Term Disability Plan("the plan"), the policy of which was insured by CGLIC. His job duties consisted of helping the crew hook up dollies, pull units, load mail bags, put in units, and set up for flights. Yasinoski claims he became totally disabled from work on July 20, 2004, as result of an incident which occurred at work, namely when a co worker poked him in the chest with his finger and threatened him. Yasinoski alleges that, as a result of the poke and threats, he suffers from Post Traumatic Stress Disorder and his subjective symptoms include extreme anxiety, sleep disturbance, night terrors,

flashbacks, and the inability to concentrate. Yasinoski's LTD claim was initially approved on April 6, 2005. He received benefits retroactively from January 21, 2005. His LTD claim for benefits beyond January 21, 2007 (the date the disability definition would change from own occupation to any occupation) was denied by letter dated September 14, 2006. He appealed the determination, but that appeal was denied by letter dated February 5, 2007.

      The evidence in the claim file indicated that Yasinoski is capable of engaging in several different occupations, per the CIGNA Vocational Department and Plaintiff's own Doctor. On June 26, 2006, Dr. Goodman, Plaintiff's primary care physician, stated in his Physician Statement of Disability, that plaintiff may be able to do any occupation, other than his own, pending limitations. CIGNA's Vocational Department conducted a study and determined that Plaintiff could perform several occupations based on the requirements and descriptions of each, which included an identification clerk, a call-out operator, a dispatcher, maintenance service, an assignment clerk and a routing clerk. In response to the determination of CIGNA's Vocational Department, Dr. Goodman, by letter to Kobie Burns, a Disability Claim Manager for CGLIC, admitted that Plaintiff could perform any of the above listed jobs with out restrictions .

      According to his counsel's letter motion, Yasinoski seeks discovery for the following reasons:

      1. To evaluate the exact nature of the information considered by CGLIC in making its decision.

      2. Whether CGLIC was competent to evaluate the information in the Administrative Record.

      3. How CGLIC reached its decision since there was no IME

      4. Whether given the nature of the medical information in the record it was incumbent upon CGLIC to seek outside technical assistance in reaching a "fair and full review" of the claim.

      The standard of review in this matte will be de novo and the sole issue upon review will whether Yasinoski is entitled to the benefit when he sought it. The manner in which the claim was handled or the processes followed by CGLIC is not relevant *See, Locher v UNUM Life Insurance Company of America* 126 F. Supp. 2d 769 (SDNY 2001). As this Court has noted, "The question here . . . is whether the discovery sought is relevant in itself or 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Burgio v Prudential* 2008 U.S. Dist. LEXIS 72950 Evidence having a tendency to make the existence of the fact that Yasinoski was unable to perform the material duties of any occupation more or less probable than it would without is relevant. *See, Locher*. CGLIC objects to Yasinoski's demand for its policies and procedures as well as the requested deposition of CGLIC's Appeal Claims Manager. Under these cases neither is relevant and neither will shed any light whatsoever on the substantive issue of whether Yasinoski was disabled when he sought the benefit. It is important to note that there is no investigation herein whether CGLIC was in a conflict of interest since the standard of review is de novo and not arbitrary and capricious.

      Furthermore CGLIC wishes to clarify that its claims' handling policies and procedures constitute confidential, proprietary material and/or trade secrets and are not contained in a written volume. Rather it is accessible by CGLIC claims personnel on-line through CGLIC's pass word protected internal intra-net. It provides comprehensive reference tools that address a

Case 2:07-cv-02573-RRM-AKT   Document 16   Filed 01/22/09   Page 3 of 3 PageID #: 75

RUSSO, KEANE & TONER

broad array of issues which can arise regarding a benefit claim, most of which have nothing to do with the manner in which Yasinoski's claim was adjudicated. For example, it contains significant information regarding the use of investigative tools such as Functional Capacities Evaluations and Surveillance, neither of which was done in Yasinoski's case.

Based on the forgoing it is respectfully requested that Yasinoski's motion be denied in its entirety.

>Very truly yours,
>RUSSO, KEANE & TONER, LLP
>
>*Kevin G Horbatiuk*
>Kevin G. Horbatiuk

cc.

Shapiro & Coleman, P.C.
727 N. Broadway
N. Massapequa, N.Y. 11758-2375